UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANESSA JORDAN,

                    Plaintiff,

        -against-

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                    Defendant.

1:19-CV-3523 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this *pro se* action under the Court's federal question jurisdiction.[1] She

sues the New York State Department of Taxation and Finance ("NYSDTAF"), and she seeks

damages. The Court construes Plaintiff's complaint as asserting claims of constitutional

violations under 42 U.S.C. § 1983 and claims under state law. For the reasons discussed below,

the Court dismisses this action.[2]

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

relevant fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants

Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction,

Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court

is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d

---

[1] Plaintiff has paid the relevant fees to bring this action.

[2] Plaintiff's complaint and one of her subsequently filed letters reveal Plaintiff's complete Social Security number. (ECF 1, 4.) Under Rule 5.2(a)(1) of the Federal Rules of Civil Procedure, a litigant's reference to a Social Security number in a Court submission must be limited to the last four digits of the Social Security number. In light of Plaintiff's *pro se* status, the Court has directed the Clerk of Court to limit electronic access to her complaint and to that letter to a "case-participant only" basis.

Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that NYSDTAF owes her a tax refund of $613. She states that NYSDTAF "turned my refund . . . into a bill by billing me." (ECF 1, p. 5.) She asserts that she does not owe any back taxes.

Plaintiff seeks as relief her $613 New York State tax refund. She also seeks $75,000 in damages because of NYSDTAF's attempts "to bill me and make me owe when I do not owe anything." (*Id.* p. 6.)

## DISCUSSION

### A. The Eleventh Amendment

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against NYSDTAF. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted). NYSDTAF is considered an arm of the State of New York. *See Anand v. New York State Dep't of Taxation & Fin.*, No. 10-CV-5142, 2012 WL 2357720, *4 (E.D.N.Y. June 18, 2012).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's § 1983 claims against NYSDTAF as frivolous under the doctrine of Eleventh Amendment immunity. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.      State-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court directs this Clerk of Court to assign this matter to my docket and note service on the docket.[3] The Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 as frivolous. The Court declines to consider Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket order this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   October 4, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[3] Plaintiff has consented to electronic service of Court documents. (ECF 2.)